# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WILLIAM WILSON STUBBLEFIELD, II
LIVING TRUST

    Plaintiff,                                                    Civil No. 25-13839

v.                                                              Judge Jonathan J.C. Grey

CITY OF DETROIT,

    Defendant.

_____/

## OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS (ECF No. 2) AND DISMISSING CASE

**I.    BACKGROUND**

Pro se Plaintiff[1] William Wilson Stubblefield, II Living Trust ("Stubblefield") filed a notice of removal and an application to proceed without prepaying fees or costs on December 1, 2025. (ECF Nos. 1, 2.)

---

[1] The Court notes that, despite listing himself as the defendant in the notice of removal (ECF No. 1), Stubblefield lists himself as the plaintiff in his application to proceed without prepaying fees or costs and his exhibit filing. (ECF Nos. 2, 4.) Based on the limited pleadings, the Court interprets Stubblefield to be the ***plaintiff*** in this matter.

For the following reasons, the Court **GRANTS** Stubblefield's application to proceed without prepaying fees or costs and **DISMISSES** the case.

## II. LEGAL STANDARD

Under § 1915, the Court may allow a person to proceed without prepayment of fees or costs, i.e., in forma pauperis. However, the Court is required to review each case for summary dismissal if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Courts liberally construe the pleadings of pro se litigants but still require the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III. ANALYSIS

The Court finds that Stubblefield is unable to pay the filing fee (*see* ECF No. 2) and **GRANTS** his application to proceed in forma pauperis under 28 U.S.C. § 1915. However, the Court finds that Stubblefield fails to state a claim upon which relief may be granted.

"Federal courts uniformly agree that a ***plaintiff*** in a state court action cannot remove the action to federal court." *Zambrano v. Scott*, No.

5:24-CV-336-KKC, 2025 WL 1833814, at *1 (E.D. Ky. July 2, 2025) (emphasis added). *See Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly limited to defendants."); *Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972) (emphasis in original) ("It is settled that the cited removal statutes confine the right of removal from a state court to a federal district court to *a defendant or defendants*."); *Biegon v. City of Dallas*, No. 22-10075, 2022 WL 3098241, at *1 (5th Cir. Aug. 4, 2022) ("[N]either 28 USC § 1441 nor 28 USC § 1443 authorizes a plaintiff to remove a case to federal district court. The right of removal is only granted to a defendant."); *Montero v. Tulsa Airport Improvements Tr.*, 770 F. App'x 439, 440 (10th Cir. 2019) ("Section 1441 does permit removal of a case from state court to federal court. But a plaintiff like Mr. Montero cannot remove the case."); *Shabazz v. King*, No. 1:24-CV-00488, 2024 WL 1210071, at *1 (N.D. Ohio Mar. 21, 2024) ("Additionally, it is equally well established that federal courts have uniformly ruled that removal is only available to a defendant or defendants."); *First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 461 (6th Cir. 2002) ("As the statutory language makes plain, only 'the defendant or the defendants' may remove

3

under § 1441(a).").

Despite Stubblefield listing himself as the defendant in his notice of removal, the Court interprets Stubblefield, based on the content of his pleadings, to be the *plaintiff* in this matter. (*See, e.g.*, ECF No. 1, PageID.2 ("Defendant [Stubblefield] was arrested or cited without probable cause … [he] is proceeding as a Living Trust, and municipal actions attempting to ticket or enforce obligations against a trust are invalid … Defendant cannot enforce federally guaranteed civil rights in state courts because State proceedings are biased or fail to recognize trust immunity.").) As the plaintiff, Stubblefield cannot remove a state case to federal court.

Furthermore, the Court notes that only a notice of removal, (ECF No. 1); an application to proceed without prepaying fees and costs, (ECF No. 2); and an exhibit containing (a) a receipt for "impounding trust property automobile" and (b) a ticket from Detroit Police Department, (ECF No. 4) were filed on the docket. **No complaint was filed.**

Therefore, the Court **DISMISSES** this case.

4

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Stubblefield's application to proceed without prepaying fees and costs and **DISMISSES WITHOUT PREJUDICE** this action against the defendant.

SO ORDERED.

Date:  December 17, 2025                **s/Jonathan J.C. Grey**
                                        Jonathan J.C. Grey
                                        United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 17, 2025.

s/ **S. Osorio**
Sandra Osorio
Case Manager
